ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| THELMA PAULDO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 308-011 |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Thelma Pauldo ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") payments under the Social Security Act. Upon consideration of the briefs submitted by counsel, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

### I. BACKGROUND

Plaintiff applied for DIB and SSI on October 1, 2004. Tr. ("R"), pp. 96-102. The Social Security Administration denied her claims initially and upon reconsideration. R. 23-24, 44-47. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"),

which was held on March 27, 2007. R. 25, 398. At the hearing the ALJ heard testimony from Plaintiff, who was represented by counsel, her friend Marvin Terry, and a Vocational Expert ("VE"). R. 399. On April 25, 2007, the ALJ issued an unfavorable decision. R. 14-22. Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant's impairment of seizure disorder is considered "severe" based on the requirements in the Regulations (20 C.F.R. §§ 414.1520(c) and 416.920(c)).

3. This medically determinable impairment does not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The claimant retains the residual functional capacity ("RFC") to perform the exertional requirements of medium work activity,[1] provided that she is not required to climb ladders, ropes, or scaffolds and is not exposed to unprotected heights or moving machinery. The claimant is able to perform past relevant work as a furniture sander, which does not require the performance of work-related activities precluded by her RFC (20 C.F.R. §§ 404.1565 and 416.965).

R. 16-21. Because the ALJ determined that Plaintiff could perform her past relevant work, the sequential evaluation process stopped, see 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv), and the ALJ concluded that Plaintiff was not "under a disability, as defined

---

[1]Medium work involves

> lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.

20 C.F.R. § 404.1567(c).

2

in the Social Security Act, from October 1, 2004 through the date of this decision (20 CFR §§ 404.1520(f) and 416.920(f))." R. 22.

Plaintiff then timely requested a review by the Appeals Council ("AC"), R. 10, and submitted additional evidence to the AC. R. AC-1 to AC-4, 267-397. When the AC denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision. R. 4-6. Having failed to convince the AC to review her case, Plaintiff filed this civil action in the United States District Court for the Southern District of Georgia requesting a reversal or remand of that adverse decision. Plaintiff now argues that substantial evidence does not support the ALJ's decision denying Plaintiff's request for DIB and SSI. (Pl.'s Br., p. 1). Specifically, Plaintiff contends that (1) the ALJ erred in his evaluation of the evidence regarding Plaintiff's seizure disorder; and (2) the AC erred in not remanding Plaintiff's claim based on "new and material evidence" regarding the severity of Plaintiff's seizure disorder. (Id. at 8).

## II. THE STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference,

3

the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. RFC to Perform Past Relevant Work

Plaintiff's first argument is that the ALJ's conclusions regarding Plaintiff's RFC are not supported by the substantial evidence and that she can no longer perform past relevant work as a furniture sander because of her seizure disorder.[2] In support of this argument, Plaintiff contends that the ALJ erred in two critical ways. First, she contends that the ALJ erred in relying on the opinions of state agency physicians and in disregarding the opinion of Plaintiff's treating physician, Dr. Bangiyev, that Plaintiff was experiencing poor clinical seizure control and that Plaintiff's seizures were not responding well to treatment. (Pl.'s Br., pp. 11-12). Second, Plaintiff contends that the ALJ erroneously disregarded Plaintiff's complaints of her symptoms and the limiting effects of her seizures, as well as the statements of third parties on these issues. In his response, Commissioner argues that the ALJ's determination was supported by substantial evidence, recounting the opinions of the state agency physicians and instances of non-compliance with Plaintiff's seizure medication. (Comm'r.'s Br., pp. 8-9, 11).

#### 1. Opinions of State Agency Physicians vs. Treating Physician's Opinion

Plaintiff contends that the ALJ erred in according substantial weight to the opinions of the state agency physicians that Plaintiff retained the RFC for medium work activity and did not properly consider the opinion of her treating physician that she was experiencing poor

---

[2]Plaintiff's argument that the ALJ did not assign Plaintiff an RFC is without merit. The ALJ specifically found that Plaintiff had the RFC "to perform the exertional requirements of medium work activity, provided she is not required to climb ladders, ropes or scaffolds and provided she is not exposed to unprotected heights or moving machinery." R. 17.

5

seizure control despite medical treatment. Had the ALJ done so, Plaintiff contends that he would have determined that Plaintiff does not have the RFC for medium work activity and cannot perform the requirements of her prior work.

SSR 96-8p identifies and discusses what must be considered in assessing a claimant's RFC and ability to do past relevant work. "RFC is what an individual can still do despite his or her limitations." SSR 96-8p. "RFC is assessed by adjudicators at each level of the administrative review process based on all of the relevant evidence in the case record, including information about the individual's symptoms and any 'medical source statements' -- i.e., opinions about what the individual can still do despite his or her impairment(s)." Id. These "medical source statements" may be submitted by an individual's treating source or other acceptable medical sources. Id. Simply put, RFC evaluations must always consider and address medical source opinions. Id. If conflicts between such opinions exist that result in the rejection of an opinion, that rejection must be explained. Id.

According to Social Security Ruling 96-6p, findings of fact made by State Agency medical consultants regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence of a nonexamining source at the ALJ and AC levels of administrative review. Although ALJs are not bound by the findings of state agency doctors, "they may not ignore these opinions and must explain the weight given to the opinions in their decisions." SSR 96-6p. At the same time, it is well-settled in the Eleventh Circuit that a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816

F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). That having been said, the Commissioner is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991). Finally, under Social Security Ruling ("SSR") 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner, and treating source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance. SSR 96-5p; see also 20 C.F.R. §§ 404.1527(e) and 416.927(e).

In the instant case, the state agency physicians determined that Plaintiff retained the RFC for medium work activity, provided that she was not exposed to heights or heavy machinery. R. 189-293. The ALJ accorded "substantial weight" to these opinions because they "were based on a thorough review of the evidence" and were "consistent with the evidence of record," which included the normal EEG results from August 2005. R. 163. Plaintiff argues that this was error because these opinions were rendered over two years prior to the ALJ's decision and well before Plaintiff was ever seen by a neurologist. (Pl.'s Br., p. 11). While the state agency physician's opinions may have been formulated in 2005, the Court is not persuaded that the timing of the opinions is relevant in this matter, as Plaintiff

7

did not present more recent evidence to the ALJ that would contradict the findings of the state agency physicians. In fact, following the hearing before the ALJ, Plaintiff submitted medical records showing normal results from a monitoring performed at Emory University in August 2006. R. 232-66. This later evidence was consistent with the results from the EEG performed in May 2005 and did not indicate that Plaintiff suffered seizures at a more frequent rate than the other objective medical evidence had already established. Thus, the opinions of the state agency physicians were still supported by the substantial evidence and consistent with the evidence in the record.

Plaintiff's treating physician has opined that Plaintiff suffers from poor seizure control, despite medical treatment. R. 214, 218. Plaintiff contends this opinion supports her claim for disability. (Pl.'s Br., pp. 11-12). However, this opinion is unsupported by the objective medical evidence, including the normal results from the May 2005 EEG results and the normal results from the August 2006 monitoring at Emory. Furthermore, Dr. Banjiyev's own medical records do not support this opinion. Indeed, despite complaints of multiple seizures to Dr. Banjiyev, all of his clinical findings were within normal limits. R. 153-54, 157-58, 160-61, 165-66. Furthermore, Dr. Banjiyev's medical records note that Plaintiff's medication levels were "sub-therapeutic," indicating that Plaintiff was not taking her seizure medication as prescribed. R. 216-17, 219. Since the opinion of Dr. Banjiyev was not supported by the objective medical evidence or his own medical records, the ALJ was not obliged to give his opinion substantial weight. Thus, the ALJ did not err in relying on the opinions of the state agency physicians and disregarding the opinion of Plaintiff's treating physician, and a sentence four remand is not appropriate on this ground.

## 2. Plaintiff's Subjective Complaints

Plaintiff next argues that the ALJ erred in disregarding Plaintiff's complaints about the symptoms of her seizure disorder and its limiting effects. (Pl.'s Br., pp. 12-14). While Plaintiff testified she is unable to remember what happens during her seizures, R. 403, Mr. Terry, Plaintiff's friend, testified that she "smacks" her lips and gets a blank stare on her face while she is having a seizure. R. 418. Plaintiff testified that as a result of her seizure disorder, she can no longer drive and is unable to perform the requirements of her job as a furniture sander because she "spaces out" when she is supposed to be sanding the pieces of furniture that come by on the assembly line. R. 403, 409. She also states that she will forget to cook a meal or what is cooking. R. 73. Plaintiff also contends that she requires assistance shopping and does not participate in as many social activities due to the effects of her seizure disorder. R. 74, 75. Her medication also causes sleepiness. R. 414.

The Eleventh Circuit has established a three-pronged test for evaluating a claimant's complaints of pain and other subjective symptoms. See Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (*per

*curiam*). "Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985).

Here, Plaintiff alleges that the ALJ erred in disregarding reports by Plaintiff, as well as those by third parties,[3] to her doctors of the symptoms and effects of Plaintiff's seizures as detailed above. In support of this argument, Plaintiff includes in her brief an excerpt from the Merck Manual regarding seizure disorders, which explains that a diagnosis of a seizure disorder is based on symptoms and observations of eyewitnesses, and not necessarily on a doctor's observations or findings during office visits. (Pl.'s Br., p. 13). In discounting the reports of Plaintiff's symptoms, the ALJ acknowledged that Plaintiff had a seizure disorder, which could be to blame for her alleged symptoms; however, he also found that the objective medical evidence was not consistent with statements regarding the limiting effects of

---

[3]To the extent that Plaintiff's argument contends that the ALJ improperly ignored reports of third parties and third party testimony regarding Plaintiff's symptoms and their limiting effects, the Court notes that "there is no requirement that the ALJ specifically refer to every piece of evidence in [his] decision." Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005). Because the reports and testimony of Plaintiff's significant other regarding the symptoms of her seizure disorder and their effects duplicated Plaintiff's reports and testimony were, as addressed below, specifically addressed by the ALJ, it is clear that the ALJ rejected the third party information by implication. Carter v. Astrue, No. 07-10576, 2007 WL 1885574, at *2 (11th Cir. July 2, 2007) (*per curiam*); see also Carlson v. Shalala, 999 F.2d 180, 181 (7th Cir. 1993) (*per curiam*) (finding that an ALJ does not err by failing to discuss redundant spousal testimony that essentially corroborated the claimant's subjective complaints, which were discussed). So long as an ALJ's credibility findings are "obvious to the reviewing court," such findings may be by implication rather than by explicit recitation. Dyer, 395 F.3d at 1210 (citing Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983) (*per curiam*)). Thus, although the ALJ may not have explicitly discussed the observations and testimony of Plaintiff's friend, Plaintiff made several statements and testified at the hearing regarding the symptoms of her seizure and their limiting effects. R. 401-19. These reports and testimony were specifically addressed by the ALJ. R. 18, 21. Thus, there was no error in failing to specifically discuss the redundant reports and testimony of third parties.

Plaintiff's symptoms and that the limiting effects of those symptoms were "not fully credible." R. 19-21. Regarding the inconsistency with objective medical evidence, the ALJ emphasized that during all of Plaintiff's office visits to Dr. Banjiyev, all clinical findings were normal. R. 19-21. Specifically, Dr. Banjiyev's notes showed that Plaintiff's gait was normal, muscle tone was normal in all limbs, and muscle power was 5/5 in all limbs. R. 210, 213-14. Dr. Banjiyev's records also indicate that the only restrictions he placed on Plaintiff's activities was that she refrain from driving. R.155, 158, 162, 167. Furthermore, Plaintiff never reported any side effects from her medication. R. 19-21. In discounting the credibility of Plaintiff's reports of her symptoms and their limiting effects, the ALJ noted Plaintiff's testimony that she can take care of personal needs, cook a TV dinner, and do basic chores household chores. R. 18-19. She also reads, does crossword puzzles, watches her grandchildren from time to time, and occasionally prepares a home-cooked meal. R. 19. In addition, the ALJ noted that Plaintiff's responses to questions at the hearing were "non-responsive, vague, or exaggerated." R. 21.

In sum, the ALJ relied on the objective medical evidence and Plaintiff's own statements in determining that complaints of her symptoms and their limiting effects were not credible. While Plaintiff has pointed to some evidence that would contradict the ALJ's decision, the Court concludes that the ALJ articulated sufficient reasons to discredit Plaintiff's testimony. Thus, a sentence four remand is not appropriate on this ground.

**B.     Denial of Remand by the AC**

Plaintiff next submits that the AC erred by not remanding Plaintiff's claim based on new and material evidence submitted regarding the severity of Plaintiff's seizure disorder.

Specifically, Plaintiff contends that remand is appropriate based on new objective medical evidence of her seizure disorder and based on a detailed statement submitted by Dr. Banjiyev regarding Plaintiff's work limitations, both of which undermine the ALJ's determination that Plaintiff was not disabled. (Pl.'s Br., pp. 14-16). The Commissioner argues in his response that the AC properly considered the new evidence, the evidence would not have changed the ALJ's decision, and that remand would not be appropriate. (Comm'r.'s Br., pp. 13, 16).

Until recently, when presented with new evidence that was submitted to the AC, a reviewing court could only consider whether the new evidence necessitated remand under sentence six of § 405(g); it could not consider the new evidence in determining whether the Commissioner's final decision was supported by substantial evidence. Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998); Keeton v. Department of Health and Human Servs., 21 F.3d 1064, 1068 (11th Cir. 1994). Under that standard, a reviewing court could remand a case for consideration of new evidence only if the evidence was material and only if good cause existed for the claimant's failure to submit the evidence at the prior administrative proceeding. 42 U.S.C. § 405(g).

However, a recent decision by the Eleventh Circuit has attempted to clarify the analysis of Social Security cases where the plaintiff requests review of the ALJ's decision based on new evidence submitted to the AC, and the AC denies that request after reviewing the evidence. In Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253 (11th Cir. 2007), the Eleventh Circuit concluded that a sentence six remand is only proper "when new material evidence that was not incorporated into the administrative record for good cause" and "not presented to the Commissioner at any stage of the administrative process" is submitted to the

12

district court. Id. at 1267 (citations omitted). The court went on to find that "evidence properly presented to the Appeals Council has been considered by Commissioner and is part of the administrative record." Id. Thus, such evidence "can be the basis for only a sentence four remand, not a sentence six remand." Id. (citations omitted); see also Couch v. Astrue, 267 Fed. App'x 853, 857-58 (11th Cir. 2008) (finding that district court did not err in refusing to remand under sentence six because the evidence was not new evidence that the Commissioner failed to incorporate into the record). In sum, where a claimant properly presents new evidence for consideration by the AC and the AC denies the request for review after considering the new evidence submitted, the "substantial evidence" standard required by sentence four applies, and the Court must determine whether the new evidence demonstrates that the denial of benefits is erroneous because the decision is no longer supported by substantial evidence.

In the instant case, the Court concludes that the new evidence submitted to the AC requires remand to the Commissioner for further consideration. The new evidence submitted to the AC consists of medical reports demonstrating that Plaintiff suffered a "right temporal lobe complex seizure" during monitoring at the Medical College of Georgia in August 2007, which was consistent with the description of her earlier reported seizures. R. 267-371. Plaintiff also submitted to the AC records of an abnormal EEG performed in January 2007, which was consistent with "focal encephalopathy." R. 376.[4]

---

[4]Plaintiff also submitted to the AC the statement of Dr. Banjiyev, her treating physician, in which he concluded that Plaintiff could not perform sustained work activity because of her need to rest after seizures and that she would have to miss multiple days of work due to her seizures. R. 396-97. However, this statement standing alone does not appear to afford a basis for remand because Dr. Banjiyev provides no objective medical

In reaching his conclusion that Plaintiff retained the RFC to perform medium work activity (with two major restrictions prohibiting her exposure to heights and heavy machinery) and was not disabled, the ALJ emphasized the fact that Plaintiff had suffered very few documented seizures and that her symptoms were unsupported by the objective medical evidence. R. 21. The new evidence submitted to the AC clearly does not support these conclusions. None of objective medical evidence before the ALJ at the time of his decision revealed that Plaintiff had been suffering from seizures at the frequency she reported. Indeed, the results of the tests performed at Emory University Hospital on Plaintiff and the results of the August 2005 EEG, the only documentary evidence of Plaintiff's seizure disorder in the record at that time, were both normal. R. 232-66. However, the record before the AC consisted of two reports that both document the occurrence of Plaintiff's seizures, which clearly contradicts one of the ALJ's essential findings that Plaintiff was experiencing very few documented seizures. Thus, this new evidence submitted to the AC requires remand to the Commissioner for further consideration in accordance with this opinion.

---

evidence supporting these opinions. For example, Dr. Banjiyev does not indicate what clinical findings or observations support these conclusions. Nor does he indicate in his report that any diagnostic tests support these limitations on Plaintiff's activities. Furthermore, this opinion regarding Plaintiff's limitations is inconsistent with his own medical records that Plaintiff only need refrain from driving because of her seizure disorder. R. 208, 211, 214, 217. While the controlling standard on the weight accorded to a treating physician's opinion will be in effect for any subsequent decision issued on Plaintiff's application for benefits, the Court will not usurp the ALJ's fact finding function by imposing a pre-determined interpretation of this new evidence.

14

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 13th day of November, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE